**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| THE UNITED STATES *EX REL.* <br> DSEA SERVICES, INC. <br> C/O BENJAMIN C. GLASSMAN <br> UNITED STATES ATTORNEY <br> SOUTHERN DISTRICT OF OHIO <br> UNITED STATES DISTRICT COURTHOUSE <br> AND FEDERAL BUILDING <br> 200 West Second Street, Suite 600 <br> Dayton, Ohio 45402 <br><br> 506 Northland Blvd. <br> Cincinnati, Ohio 45420 <br><br>       Plaintiff, <br><br>   vs. <br><br> BRIGADIER CONSTRUCTION SERVICES, LLC <br> 8100 Grand Avenue <br> Cleveland, Ohio 44104, <br><br>     **Also serve at:** <br>     10570 Ravenna Road, Suite 3 <br>     Twinsburg, Ohio 44087, <br><br>     **Also serve at:** <br>     CT Corporation Services, Statutory Agent <br>     1300 East Ninth Street <br>     Cleveland, Ohio 44114, <br><br> and <br><br> TRAVELERS CASUALTY AND SURETY <br> COMPANY OF AMERICA <br> One Tower Square <br> Hartford, CT, 06183, <br><br>       Defendants. | Case No. 3:17-cv-83 <br><br> Judge _____ <br><br><br><br><br><br><br><br> **JURY DEMAND <br> ENDORSED HEREON** |

# COMPLAINT

**JURISDICTION AND VENUE**

1. This is an action for monetary damages brought pursuant to the Miller Act, 40 U.S.C. §3131, *et seq.*, and Ohio statutory and common law for non-payment for labor, materials, goods and services provided pursuant to a construction contract and payment bond with the Defendants.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and 40 U.S.C. §3131(b), which provide for original jurisdiction of Plaintiffs' claims arising under the law of the United States and over actions for monetary damages.

3. This Court has jurisdiction over Plaintiffs' claims under the common law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. §1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, and 40 U.S.C. §3131(b), because Plaintiff entered into a construction contract relationship with Defendants in the Southern District of Ohio and performed their job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

**THE PARTIES**

5. Defendant Brigadier Construction Services, LLC ("Brigadier") is a Limited Liability Company organized under the laws of the state of Ohio, and upon information and belief, with its principal place of business in Cleveland, Ohio. Defendant is a contractor within the meaning of O.R.C. §4113.61(F)(1).

6. Defendant Travelers Casualty and Surety Company of America, Inc. is a corporation organized under the laws of Connecticut with its principal place of business in Hartford, CT.

7. Plaintiff is the United States *ex rel.* DSEA Services, Inc. ("DSEA"). DSEA is a corporation organized pursuant to the laws of the state of Ohio with its principal place of business in Cincinnati, Ohio. Plaintiff is a sub-contractor within the meaning of O.R.C. §4113.61(F)(2).

8. This action is brought, pursuant to 40 U.S.C. §3133(b)(3)(A), in the name of the Plaintiff United States for the use and benefit of DSEA.

**FACTS**

9. Defendant Brigadier Construction Services, LLC ("Brigadier") entered into a contract with the Army Corps of Engineers to serve as the general contractor to renovate the Law Office and Acquisition Facility at Wright Patterson Air Force Base, Dayton, Ohio, Contract No. W912QR-13-C-0040, which contract is in the possession of Defendant Brigadier.

10. On or about October 8, 2013, Defendant Brigadier obtained a Payment Bond, pursuant to 40 U.S.C. §3131, from Defendant Travelers Casualty and Surety Company of America, to insure payment to its subcontractors for services performed. A copy of the payment bond is attached as Exhibit "A."

11. On or about November 26, 2013, Defendant Brigadier entered into a Subcontract Agreement, No. 201304-01, with Plaintiff DSEA Services, Inc., to perform asbestos abatement services in Building #11 at Wright Patterson Air Force Base. A copy of the agreement is attached as Exhibit "B."

12. Following execution of the November 26, 2013 Subcontract Agreement between Plaintiff DSEA and Defendant Brigadier, Plaintiff and Defendant entered into and executed a series of sixteen change order agreements totaling three hundred ninety one thousand forty six dollars and sixty cents ($391,046.60) for work to be performed on the first phase of the project.

These change orders were approved by both Defendant Brigadier and the Army Corps of Engineers. The change orders are attached as Exhibit "C."

13. During a subsequent review meeting, agents of the Army Corps of Engineers and Defendant Brigadier stated that the Army Corps of Engineers only had local authority to approve $320,000.00 for payment on phase one of the project, but that Plaintiff would be paid the balance of the approved change orders during phase two of the project.

14. Based upon the statements and promises of agents of the Army Corps of Engineers and Defendant Brigadier, Plaintiff submitted the invoice for payment of the remaining $71,046.00, attached as Exhibit "D."

15. On or about June 24, 2015, Plaintiff DSEA submitted Invoice No: 13-068-GC, P.O. 201304-01, for payment of Seventy One Thousand Forty Six dollars ($71,046.00) for labor, material, goods, and services provided to Defendant Brigadier. Plaintiff further submitted an Application and Certification for Payment, and an Affidavit of Original or Sub-Contractor in support of its request for payment. A copy of the invoice and supporting documents are attached as Exhibit "D."

16. On or about March 25, 2016, Plaintiff DSEA submitted Invoice No: 13-068-23, P.O. 201304-01, for payment of Fifteen Thousand Five Hundred dollars ($15,500.00) for labor, material, goods, and services provided to Defendant Brigadier. Plaintiff further submitted an Application and Certification for Payment, and an Affidavit of Original or Sub-Contractor in support of its request for payment. A copy of the invoice and supporting documents are attached as Exhibit "E."

17. Plaintiff DSEA performed all work in a satisfactory and workmanlike manner, and in accordance with specifications required by the contract.

18. Despite Plaintiff DSEA's requests for payment, Defendant Brigadier has refused to issue payment to Plaintiff pursuant to the invoices and in breach of its contract.

19. On or about May 26, 2016, counsel for Plaintiff DSEA sent correspondence to Defendant Brigadier, United States Secretary of Defense, Secretary of the Army, Secretary of the Air Force, and the Army Corp of Engineers, pursuant to 40 U.S.C. §3131, *et seq.*, providing notice of the unpaid invoices, demanding payment, and requesting a copy of the payment bond. Attached as Exhibit "F."

20. Despite the Plaintiff's requests the invoices remain unpaid.

### First Claim for Relief (Miller Act)

21. Plaintiff realleges and incorporates paragraph numbers 1 through 20 as if fully rewritten herein.

22. Plaintiff had a valid contract with Defendant Brigadier and performed all conditions precedent to payment.

23. More than ninety days have elapsed after the day Plaintiff DSEA last performed the work set forth in the aforementioned invoices, and the amounts set forth in the invoices remain unpaid.

24. Plaintiff is therefore entitled to payment on and pursuant to the above referenced Payment Bond issued to Defendant Brigadier by Defendant Travelers, pursuant to 40 U.S.C. §3133.

### Second Claim for Relief (Breach of Contract)

25. Plaintiff realleges and incorporates paragraph numbers 1 through 24 as if fully rewritten herein.

26. Defendant Brigadier's failure to pay the amounts requested in the above referenced June 24, 2015, and March 25, 2016 invoices as required by the November 26, 2013 Subcontractor Agreement and the approved change orders constitutes a breach of contract, pursuant to the law of Ohio.

### Third Claim for Relief (Unjust Enrichment)

27. Plaintiff realleges and incorporates paragraph numbers 1 through 26 as if fully rewritten herein.

28. By virtue of the provision of labor, services, goods, and materials by Plaintiff DSEA, for which the Defendant has not paid, the Defendant Brigadier has been unjustly enriched.

### Fourth Claim for Relief (O.R.C. §4113.61)

29. Plaintiff realleges and incorporates paragraph numbers 1 through 28 as if fully rewritten herein.

30. Plaintiff's application for payment of its invoice for the provision of labor, services, goods, and materials was submitted within a sufficient period of time for Defendant Brigadier to request payment from the Army Corps of Engineers for the Plaintiff's services.

31. Defendant Brigadier has been paid by the Army Corps of Engineers for Plaintiff's work, and Defendant failed to remit payment to Plaintiff within ten days of its receipt of payment.

32. The actions of Defendant Brigadier violate the provisions of O.R.C. §4113.61.

WHEREFORE, Plaintiff United States ex rel. DSEA Services, Inc. hereby demands judgment as follows:

a) Compensatory damages in the amount of $86,546.00, plus interest from the date of submission of the invoice;

b) Attorney's fees, interest, and costs;

c) Such other relief as the Court deems necessary and just.

Respectfully submitted,

**NEWHOUSE, PROPHATER, KOLMAN & HOGAN, LLC**

/s/ Michael S. Kolman
D. Wesley Newhouse (0022069)
wnewhouse@npkhlaw.com
Michael S. Kolman (0031420)
mkolman@npkhlaw.com
5025 Arlington Centre Blvd., Suite 400
Columbus, Ohio 43220
Telephone: (614) 255-5441
Facsimile: (614) 255-5446

Counsel for Plaintiff

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues triable thereto.

/s/ Michael S. Kolman
D. Wesley Newhouse (0022069)
Michael S. Kolman (0031420)